UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>TAYN CHRISTIAN REIS,<br><br>　　　　　　　Defendant. | 4:20-CR-40123-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS |

　　　Defendant, Tayn Reis, is charged with theft of a firearm from a federal firearms licensee, in violation of 18 U.S.C. §§ 922(u) and 924(i)(1), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(k). Docket 1. Reis moves to suppress "any and all evidence obtained by the government during the search of his houses, sheds, and vehicle on September 9, 2020[,] and all evidence obtained during a search of two tablets authorized on or about November 1, 2020." Docket 25 at 1. Reis alleges that:

> 1. The affidavit in support of the first search warrant contained false statements that were essential to the establishment of probable cause and that were made knowingly or with reckless disregard for truth;
> 2. The first and second warrants were fatally lacking in particularity;
> 3. The first warrant was not supported by probable cause;
> 4. Law enforcement exceeded the scope of the warrants.

*Id.* (internal citation omitted). The United States resists Reis's motion to suppress. Docket 28. The court referred Reis's motions to Magistrate Judge Veronica Duffy under 28 U.S.C. § 636(b)(1)(B). After conducting a *Franks*

hearing and considering the evidence, Magistrate Judge Duffy recommends that Reis's motion to suppress be denied. Dockets 43. Reis filed objections to the Report and Recommendation. Docket 48. After a de novo review of the Report and Recommendation and a review of the record, the court adopts the Report and Recommendation and denies Reis's motion to suppress.

## LEGAL STANDARD

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Because motions to suppress evidence are considered dispositive matters, a magistrate judge's recommendation regarding such a motion is subject to de novo review. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz,* 447 U.S. 667, 673 (1980) (holding that dispositive motions under 28 U.S.C. § 636(b)(1) are subject to de novo review by the district court). In conducting a de novo review, this court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## FACTS

A full recitation of the facts can be found in Magistrate Judge Duffy's Report and Recommendation. Docket 48. Reis does not object to the Report and Recommendation's statement of the facts, and the United States did not

file any objections. The court has conducted a de novo review of the evidence and incorporates herein the facts as set forth in Magistrate Judge Duffy's Report and Recommendation.

## DISCUSSION

Reis objects to the three conclusions in Magistrate Judge Duffy's Report and Recommendation: (1) that Deputy Powers' affidavit satisfies both prongs of *Franks v. Delaware*, (2) that the warrant is valid even after severing some portions for lack of particularity, and (3) that law enforcement did not exceed the scope of the warrant in this matter. Docket 48 at 2, 7-8.

**I.   Validity of the Search Warrant Under *Franks***

   **A.   Legal Standard**

An affidavit in support of an application for a search warrant must be supported by probable cause. *Franks v. Delaware*, 438 U.S. 154, 165 (1978). The affidavit supporting the search warrant is presumed to be valid. *Id.* at 171. To prevail on a *Franks* claim, a defendant must prove by a preponderance of the evidence: "(1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit; and (2) that the affidavit's remaining content is insufficient to establish probable cause." *O'Neil v. United States*, 966 F.3d 764, 771 (8th Cir. 2020). A defendant must identify which part or parts of the affidavit are false. *Franks*, 438 U.S. at 171.

3

### B. Whether the Statement Was Made With Reckless Disregard for the Truth

Reis identifies the portion of Deputy Powers' affidavit that he claims contains a false statement: "There is a report of a burglary in Minnehaha County where firearms were taken. It was reported that a *dark colored pick up with Open County Tires was involved in the theft. The pick up at the [Brule County] residence matches description of the incident in Minnehaha County*." Docket 26 at 5 (emphasis added). He claims that a "dark colored pick up" was never reported as part of the Minnehaha County stolen firearms investigation, and on that basis it was also untrue to state that the vehicle at Reis's Brule County residence matched the vehicle description in the Minnehaha County case. *See id.*

Reis asserts that Deputy Powers made false statements in his affidavit based on a reckless disregard for the truth, and he does not present evidence that the statements were made knowingly or intentionally. Docket 43 at 18. Thus, as to the first *Franks* prong, Magistrate Judge Duffy analyzed only whether the statement was made with reckless disregard for the truth. *Id.* The Report and Recommendation found that Reis did not prove by a preponderance of the evidence that the statement made by Deputy Powers was made with reckless disregard for the truth. *Id.* at 23.

Whether a statement was made with reckless disregard for the truth is a question of fact. *United States v. Finley*, 612 F.3d 998, 1002 (8th Cir. 2010) (citation omitted). This question turns on "not simply whether the affiant

4

acknowledged that what he reported was true, but whether, viewing all of the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Id.* (quoting *United States v. Clapp*, 46 F.3d 795, 801 n.6 (8th Cir. 1995)). Establishing that the false statement was the product of negligence or innocent mistake is insufficient. *United States v. Mayweather*, 993 F.3d 1035, 1043 (8th Cir. 2021) (quoting *United States v. Williams*, 477 F.3d 554, 559 (8th Cir. 2007)).

Reis enumerates four reasons why Deputy Powers *should have known* that the "dark colored pick up" language in the affidavit was false.

> First, Deputy Powers had no information that a dark-colored pickup was involved in the theft in Minnehaha County or that it matched the vehicle at Reis' residence. Second, Deputy Powers had reviewed a FUSION Center bulletin about the burglary in Sioux Falls and none of the information he later included in his affidavit was contained in that bulletin. Third, Deputy Powers' source of information about a dark-colored pickup truck came from investigation at Kirk Surat's house just the day prior [to drafting the affidavit]. Further, Deputy Powers testified that he had copies of the photos he gathered from Mr. Surat on his computer. While he did not include this information in his report, he had the evidence easily available to refer to while drafting the search warrant affidavit. Fourth, Deputy Powers failed to take any measures to verify the information he put in his sworn affidavit.

Docket 48 at 3 (internal citations omitted). But whether Deputy Powers *should have known* that a particular statement in the affidavit was false is not the test. The court finds that, at most, these objections raise the possibility that Deputy Powers may have been negligent in preparing his affidavit.

Reis also objects to Magistrate Judge Duffy's reliance on *United States v. Clapp*, 46 F.3d 795 (8th Cir. 1995), and argues that the case is inapposite. *Id.* at 4-6. In *Clapp*, an officer stated in an affidavit that he had "participated in an interview" of a witness and that the witness did not know the location of certain real estate proceeds. *Id.* at 799. In fact, the officer had not participated in the interview, but he had overheard the interview from up to 20 feet away. *Id.* at 800. And contrary to the officer's affidavit, the witness stated that he knew where the proceeds had been directed. *Id.* There, the court found that the officer's conduct amounted to negligence. *Id.* at 801. But had the officer "admitted to having read [the interview] report yet nevertheless included in the affidavit that [the witness] did not know where the remaining money went, there might well be grounds for concluding that [the officer] acted with reckless disregard for the truth." *Id.*

Reis states that Deputy Powers "reviewed multiple pieces of evidence/information that should have made it obvious that his inclusion of both the 'dark colored pick up' language and his statement that the pickup at Reis' residence 'matche[d] [the] description of the incident in Minnehaha County' were false." Docket 48 at 4 (alterations in original). Here, Deputy Powers reviewed a report—the FUSION Center bulletin about a theft of firearms in Minnehaha County—before drafting his affidavit. But the FUSION Center bulletin did not contain any descriptive information about the vehicle involved in that incident. Thus, while Deputy Powers' affidavit included false descriptive information about the color of the truck allegedly involved in the Minnehaha

6

County incident, it was not contradicted by the FUSION Center bulletin. In other words, nothing in the FUSION Center bulletin would have caused Deputy Powers to seriously doubt the truth of his statements or have obvious reasons to doubt the accuracy of the information in his affidavit. *See Finley*, 612 F.3d at 1002.

The Report and Recommendation states that the inclusion of the "dark colored pick up" language in the affidavit was an "unintended conflation of the information [Deputy Powers] received from Chief Handel, Mr. Surat's trail camera photographs showing a dark-colored pickup's ingress and egress from the abandoned farm, and his observations of a dark-colored pickup at Mr. Reis' mobile home." Docket 43 at 19. The record supports this conclusion, and the court adopts the Report and Recommendation as to this issue. *See* Docket 36 at 28-29. Thus, the court finds that Deputy Powers did not act with a reckless disregard for the truth when he included in the affidavit the "dark colored pickup" language or the statement that the vehicles in Brule and Minnehaha Counties matched.

C.      **Whether the Remaining Content Establishes Probable Cause**

"To be valid under the Fourth Amendment, a search warrant must be supported by a showing of probable cause." *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008) (quoting *United States v. Summage*, 481 F.3d 1075, 1077 (8th Cir. 2007)). Probable cause exists when a showing of facts, under the totality of the circumstances, establishes a fair probability that evidence of a crime will be found in the place to be searched. *United States v. Ortiz-*

7

*Cervantes*, 868 F.3d 695, 699 (8th Cir. 2017). "If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place, probable cause to issue the warrant has been established." *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008) (quoting *United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007)). The issuing judge's determination of probable cause "should be paid great deference by reviewing courts." *Grant*, 490 F.3d at 631 (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (additional quotation omitted)).

The Report and Recommendation identified the relevant portion of Deputy Powers' affidavit with the false information excised:

> I located Reis at his residence . . . . Reis also has a dark colored Pickup parked at the residence. . . . There is a report of a burglary in Minnehaha County where firearms were taken. It was reported that a [vehicle] with Open Country Tires was involved in the theft. The pick up at the residence matches description of the incident in Minnehaha County.

Docket 43 at 25. Reis objects to this version with omissions and argues that the last sentence should also be omitted because it relies on the "dark colored pickup" language. Docket 48 at 6. While the last sentence appears to rely in part on the "dark colored pickup" language, it also relies on the undisputed statement that the vehicle at Reis's house in Brule County and the vehicle in the Minnehaha County firearms theft both had Open Country Tires. Thus, Reis's objection is overruled, and the court now analyzes the affidavit as a whole but with the omissions as noted above and in the Report and Recommendation.

Reis's objection to the Magistrate Judge's finding of probable cause, even when omitting the false statement, focuses on just one paragraph of the affidavit. But the court must look at the whole affidavit, excluding the false statement, to determine if "under the totality of the circumstances, [the affidavit establishes] a fair probability that evidence of a crime will be found in the place to be searched." *Ortiz-Cervantes*, 868 F.3d at 699.

Here, the affidavit identifies facts establishing a fair probability of Reis's involvement with multiple thefts in Brule, Minnehaha, and Lincoln Counties. As to the specific portion of the affidavit challenged by Reis, the court finds that it is not simply the Open County Tires that links Reis's truck in Brule County with the vehicle allegedly associated with the firearm theft in Minnehaha County. The affidavit also states that one of the trailers found in connection with Reis in Brule County had been reported as stolen from Lincoln County, the county immediately south of Minnehaha. Docket 26-2 at 1. These facts taken together established a fair probability of finding evidence of the Minnehaha County firearm theft on Reis's property. Thus, the court finds that the affidavit establishes probable cause to issue a search warrant, and Reis has failed to prove a violation under *Franks* by a preponderance of the evidence.

## II.   Whether the Warrant Lacks Particularity

The Report and Recommendation concludes that "the 'any items that are stolen' clause [in the search warrant] violates the Fourth Amendment because it is insufficiently particular." Docket 43 at 35. Reis agrees with this

9

conclusion. Docket 48 at 7. After a de novo review of the record, the court agrees and adopts this portion of the Report and Recommendation.

Reis, though, objects to the Magistrate Judge's finding that the insufficiently particular part of the warrant is severable from the remainder of the warrant. *Id.* When the phrase "any items that are stolen" is excluded, the search warrant permitted law enforcement to search for "drugs, cell phones, floor tile, power tools, fishing equipment, [and] Firearms." Docket 26-3 at 1. Reis argues that the "any items that are stolen" phrase "is so broad that it swallows the other portions of the warrant." Docket 48 at 7. But Reis does not identify any binding authority that would invalidate an entire search warrant based on lack of particularity in just one portion. Reis's argument ignores Eighth Circuit precedent that allows sufficiently particular portions of a warrant to be severed from those that are insufficiently particular. *United States v. Fitzgerald*, 724 F.2d 633, 635-36 (8th Cir. 1983) (en banc); *see also United States v. Timely*, 443 F.3d 615, 622 (8th Cir. 2006). Thus, the court finds that the phrase "any items that are stolen" is severable from the remaining portions of the search warrant. And without further objection, the court adopts the Report and Recommendation's conclusion that the severed and sufficiently particular portions of the search warrant are valid.

### III. Whether Law Enforcement Exceeded the Scope of the Warrant

The Report and Recommendation found that law enforcement did not exceed the scope of the warrant when they searched the shed adjacent to Reis's trailer house. Docket 43 at 39. The Magistrate Judge found that the shed was

not "noticeably separate from the trailer home and [] it was within the yard of the trailer home." *Id.* Reis objects and argues that the shed "was separate from his trailer home," "was not specifically listed on the affidavit[,]" and "was a separate structure that was not within the curtilage of the home." Docket 48 at 8.

"[W]hen a warrant specifically mentions certain structures, it authorizes a search of these structures, and, by implication, any other . . . structures . . . not noticeably separate from them." *United States v. Mazzulla*, 932 F.3d 1091, 1099 (8th Cir. 2019) (internal quotation marks omitted) (quoting *United States v. Pennington*, 287 F.3d 739, 744-45 (8th Cir. 2002)). A structure beyond a home's curtilage, fence or "other boundary demarcations" is "noticeably separate." *Id.*

Reis points out that Deputy Powers and Officer Reimer had differing rationales as to why they believed they could search the shed. Docket 48 at 8-9. But an officer's "subjective intent" or belief "is irrelevant to the question of whether her or his conduct violated a constitutional right by exceeding the scope of the warrant." *McClendon v. Story Cnty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *see also United States v. Dunn*, 480 U.S. 294, 305 (1987) (Scalia, J., concurring in part) (noting that the officers' perceptions of whether the barn was part of the curtilage was irrelevant).

Here, although the shed was not listed on the warrant, it was adjacent to the trailer home that was listed on the warrant. Docket 43 at 38-39. The two structures were three feet apart and were connected by electrical cables and

11

other utilities. *Id.* at 38. The court finds that the two structures were not noticeably separate. Thus, law enforcement did not exceed the scope of the warrant when they searched the shed adjacent to the trailer house.

In Reis's brief in support of his motion to suppress, he argues that law enforcement exceeded the scope of the warrant when they seized two tablets belonging to Reis. Docket 26 at 16. Law enforcement then obtained a search warrant to search the tablets. *Id.* The Report and Recommendation noted that "the results of any searches of the tablets are yet unknown" and "[t]he government has represented that it will not seek admission of any evidence from searches of the tablets." Docket 43 at 36. Reis objects only as to the search of the shed. Thus, the court adopts the Report and Recommendation's conclusion and denies the motion to suppress as to the search of the tablets.

## CONCLUSION

Reis has failed to establish by a preponderance of the evidence that Deputy Powers's affidavit contains statements made with reckless disregard for the truth. Even when the false statements are excluded, the affidavit establishes probable cause. Although some parts of the search warrant are insufficiently particular, those parts are properly severed and the remainder of the warrant is valid. And law enforcement did not exceed the scope of the warrant when they searched a shed adjacent to Reis's trailer house. Thus, it is

ORDERED that the report and recommendation (Docket 43) is adopted in full, and Reis's motion to suppress (Docket 25) is denied.

Dated August 25, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE